UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE CROSS,

Petitioner,

v.                                          CAUSE NO.: 3:19-CV-543-RLM-MGG

WARDEN,

Respondent.

OPINION AND ORDER

Andre Cross, a prisoner without a lawyer, filed a habeas corpus petition

challenging the disciplinary decision (MCF 19-1-18) at the Miami Correctional

Facility in which a disciplinary hearing officer found him guilty of possession of

a controlled substance in violation of Indiana Department of Correction Offense

202. After a disciplinary hearing, he was sanctioned with a loss of sixty days of

earned credit time. The court must dismiss the petition "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court." Section 2254 Habeas Corpus Rule 4.

Mr. Cross claims entitlement to habeas relief because correctional staff

didn't provide him with a video surveillance recording of the pat down search.

He requested this recording but it was not available on the system.

> [T]he findings of a prison disciplinary board [need only] have the
> support of some evidence in the record. This is a lenient standard,
> requiring no more than a modicum of evidence. Even meager proof
> will suffice, so long as the record is not so devoid of evidence that
> the findings of the disciplinary board were without support or
> otherwise arbitrary. Although some evidence is not much, it still
> must point to the accused's guilt. It is not our province to assess

the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority. Id.

Mr. Cross was charged with possession of controlled substance. The administrative record included reports from two correctional officers stating that they found three small pieces of an orange substance wrapped in cellophane during a pat down search, photographs of the orange substance, and an email from internal affairs identifying the orange substance as suboxone. Consequently, even though a video recording of the pat down search wasn't presented at the hearing, the administrative record contains some evidence that Mr. Cross possessed a controlled substance. The reasoning for not presenting the video recording to the hearing officer was sound; it didn't exist. The claim that he wasn't provided with a video surveillance recording of the pat down search is not a basis for habeas relief.

Mr. Cross further argues that he received inadequate notice because he didn't get a copy of the video surveillance recording summary before the hearing. This summary, in its entirety, reads, "The DVR evidence you requested is not available in the system." To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform

him of the charges and to enable him to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. at 564. This notice must be given no less than twenty-four hours before the hearing. Id. The administrative record includes a screening report showing that Mr. Cross received notice of the charges and the conduct report on January 5, 2019. It also includes a hearing report showing that the hearing was held six days later. Because Mr. Cross received notice of the charges more than twenty-four hours before the hearing, the claim that he didn't receive adequate notice is not a basis for habeas relief.

Mr. Cross also argues that he is entitled to habeas relief because he didn't receive a notice of confiscation form on the day of the pat down search; because the screening officer falsely stated that Mr. Cross refused to sign the notice of confiscation form; because the hearing officer refused to continue the hearing to allow for scientific testing on the orange substance; and because the screening officer didn't follow the chain of custody procedure with respect to the orange substance. These arguments don't relate to the procedural safeguards for prison disciplinary proceedings enumerated in Wolff v. McDonnell, 418 U.S. 539 (1974), and the United States Supreme Court has indicated that this list of requirements is exhaustive. White v. Indiana Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (citing Baxter v. Palmigiano, 425 U.S. 308, 324 (1976)). Moreover, the failure to follow departmental policy does not rise to the level of a constitutional violation. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no

bearing on his right to due process"). Therefore, these arguments are not a basis for habeas relief.

Mr. Cross hasn't asserted a valid claim for habeas relief, so the court denies the habeas petition. Mr. Cross doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion for leave to proceed in forma pauperis (ECF 2);

(2) WAIVES the filing fee;

(3) DENIES the habeas corpus petition (ECF 1);

(4) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Andre Cross leave to proceed in forma pauperis on appeal.

SO ORDERED on July 24, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT